*The probate of the paper propounded as the Will of* MARIA HUMPHREYS.

CONTRADICTORY evidence being given by the witnesses to a paper propounded as a will, and one of them, a counselor-at-law, swearing that all the formalities were observed, and the two others, ladies, not remembering a portion of the proceeding—Held, that the professional evidence was most reliable, and the presumption was in favor of the due execution.

THE SURROGATE. There are three witnesses to this paper. One of the three, George B. Goldschmidt, a counselor-at-law, testifies to the observance of all the formalities required by our statute for the due execution of a will. He testifies that the subscription of the decedent was made by her in the presence of each of the three witnesses; that she, at that time, declared the instrument so subscribed to be her last will and testament; that she requested the witnesses to sign their names as such at the end of the will; and that they did sign as witnesses at the same time and place.

The two other witnesses, Mrs. Curtis and Mrs. Curry, testify to all these formalities, except that they will not swear that the decedent declared the instrument to be her last will and testament. They state that she requested them to witness the execution of an instrument to be by her executed, and that they did sign their names to it, but they do not remember that anything else took place.

There is an attestation clause at the foot of the will, which certifies that the will was signed, sealed, subscribed and declared by the testatrix as and for her last will and testament, in their presence. This is signed by the three witnesses.

Under this state of facts, it is my duty to admit the instrument to probate as a will. Mr. Goldschmidt is a perfectly credible witness, learned in the law, and conversant with the formalities necessary for the execution of wills. His testimony is distinct and positive. There is no appearance of fraud or imposition, undue influence or restraint; no pretense of unsoundness of mind.

Although the proponent of a will must examine the subscribing witnesses, it is not absolutely necessary to have the positive affirmative testimony of all of them to the statutory formalities.

It has been held in England that where the attesting witnesses contradict each other as to the formalities of execution, the Probate Court is not therefore bound to pronounce against the validity of the will. On the contrary, that the Court may, in such case, upon the circumstances, give credence to the affirmative rather than to the negative testimony. (*Chambers* v. *The Queen's Proctor*, 2 *Curteis*, 433; *Gove* v. *Gowen*, 3 *Curt.*, 151; *Gregory* v. *The Queen's Proctor*, 4 *Notes of Cases*, 620; *Branchby* v. *Lyon*, 2 *Robert*, 441.) And where the will, on the face of it (as, for instance, where it contains an attestation clause, certifying to the observance of the necessary formalities), appears to have been duly executed, the presumption obtains *omnia esse rite acta*. (*Blake* v. *Knight*, 3 *Curteis*, 547; *Thompson* v. *Hall*, 2 *Robert*, 426; *Burgoyne* v. *Showler*, 1 *Robert*, 5; *Janney* v. *Thorne*, 2 *Barb. Ch. R.*, 59; *Cheeney* v. *Arnold*, 18 *Barb. Sup. Ct.*, 434.)

In the present case it is to be observed that the two ladies do not deny that the decedent made a declaration of the character of the instrument; they only say that they do not remember such a declaration.

In view of the attestation clause signed by these two witnesses, I am warranted in concluding that they have now only forgotten the particulars of what was said and done.

THE PROBATE OF THE WILL OF MARIA HUMPHREYS.

In the matter of the will of Henrietta Hicks, which I find on the brief, there were two witnesses, Terry and Rudd. (In 1847, not reported.) Terry testified that the testatrix acknowledged the instrument to be her handwriting and her will. "I held the will," he said, "in my hand, and asked her if it was her handwriting, and she said 'yes.' I asked her if it was her will, and she said 'yes.'" The witness, Rudd, testified: "The paper was signed by Miss Hicks, the testatrix; she did not say anything, that I remember of, to me; I did not hear of any declaration by the testatrix, what the instrument was; I do not now recollect that I did not hear her say anything as to what it was." This was an express denial, by one witness, that she heard any declaration at all. The Court on appeal held the proof of declaration to be sufficient, however, notwithstanding Rudd's denial, and the will was ordered admitted. In that case, the Court judged from the attending circumstances of the case; I must do so in this instance. I have the testimony of an experienced counselor-at-law, professionally present on the occasion, that certain things which he knew to be necessary, were said and done. I have the testimony of two ladies, surely not so likely to remember or to be impressed with the necessity of these things, which amounts to a forgetfulness that they were said or done. As I have before had occasion to remark, the presence and agency of a respectable member of the legal profession, at the time of the execution of a will, adds greatly to the presumption of due execution. There must be a decree of probate.